UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LISA L. JONES, <br><br> Plaintiff, <br><br> v. <br><br> RECEIVABLES OUTSOURCING, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:18-cv-00401 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes LISA L. JONES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RECEIVABLES OUTSOURCING, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

4. Plaintiff is a 49 year old natural "person," as defined by 47 U.S.C. §153(39), residing in La Marque, Texas, which lies within the Southern District of Texas.

5. Defendant is a debt collector that collects consumer debts from individuals across the country, including in the state of Texas. Defendant is a limited liability company organized under the laws of the state of Maryland with its principal place of business located at 1920 Greenspring Drive, Suite 200, Timonium, Maryland.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding medical debt ("subject debt") said to be owed by Plaintiff.

9. On information and belief, in approximately the summer of 2015, the original creditor of the subject debt sold or otherwise turned collection of the subject debt over to Defendant for collection.

10. On or about November 6, 2018, Plaintiff received a collection letter ("Collection Letter") from Defendant attempting to collect upon the subject debt.

11. The Collection Letter provides that the "Balance Due" on the subject debt is $1,260.00.

12. The Collection Letter then offers, in bold, a "Settlement Amount" on the subject debt, which is represented as totaling $63,000.00.

13. The Collection Letter goes on to state, "our client is willing to settle your past due account for 50% of the full balance and accept this amount as settlement of the referenced account."

14. Confused and frustrated with the nature of Defendant's Collection Letter, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

<h3 style="text-align:center">COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</h3>

15. Plaintiff repeats and realleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

17. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

18. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d**

19. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

20. Defendant violated § 1692d when it attempted to collect an amount from Plaintiff above and beyond that which she actually owed on the subject debt. Although Defendant's Collection Letter states that the debt totals $1,260.00, it later provides that Plaintiff will have to pay

significantly more than the total amount owed in order to satisfy the underlying obligation. Such conduct constitutes abusive conduct done in connection with the collection of a debt in violation of the FDCPA.

### b. Violations of FDCPA § 1692e

21. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

23. Defendant violated § 1692e, e(2), and e(10) when it falsely represented the amount Plaintiff needed to pay in order to satisfy her obligation on the subject debt. Defendant's Collection Letter blatantly and facially misrepresents the character of the subject debt as requiring a higher payment than the balance due on the subject debt. Such representations and inherently false and illustrate Defendant's violations of the FDCPA.

### c. Violations of FDCPA § 1692f

24. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law."

25. Defendant violated §§1692f and f(1) when it unfairly and unconscionably attempted to collect an amount greater than Plaintiff's actual obligation on the subject debt. The settlement

option set forth by Defendant, in combination with Defendant's representations that payment of the settlement option would alleviate the debt, demonstrate that Defendant attempted to collect an amount from Plaintiff not authorized by the agreement creating the debt and which was not permitted by law.

26. Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LISA L. JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

29. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

30. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

a. **Violations of TDCA § 392.304**

5

31. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

32. Defendant violated the above referenced provisions of the TDCA when it attempted to collect an amount from Plaintiff greater than her actual obligation on the subject debt.

WHEREFORE, Plaintiff, LISA L. JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

   c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

   d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 27, 2018                          Respectfully submitted,

s/ Nathan C. Volheim                              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                  Taxiarchis Hatzidimitriadis, Esq. #6319225
Federal I.D. No. 3098183                          Federal I.D. No. 3098150
Counsel for Plaintiff                             Counsel for Plaintiff
Admitted in the Southern District of Texas        Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200               2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                           Lombard, Illinois 60148
(630) 568-3056 (phone)                            (630) 581-5858 (phone)

(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

(630) 575-8188 (fax)  
thatz@sulaimanlaw.com